THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JESÚS DÍAZ, Defendant and Appellant.

No. 5716. Argued April 9, 1935.—Decided May 7, 1935.

A. *Porrata Doria* for appellant. R. A. *Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was charged with and convicted of violating section 3 of Act No. 1 of 1934 (Session Laws, p. 136) in that on the date indicated in the complaint he was

in possession of a certain number of liters of *cañita* rum, which is a spirit or beverage containing alcohol obtained by distillation, without having paid the Treasurer of Puerto Rico a tax of $0.20 for each liter or fraction of a liter of said beverage.

The said section 3 provides, in so far as pertinent to this case, that there shall be levied, collected, and paid on the following beverages produced in, or imported or brought into, Puerto Rico: ". . . (*c*) A tax of twenty (20) cents on every liter of spirits, and a like tax for any quantity or for fractional part thereof; . . ."

In view of these words of the statute, the appellant maintains that it is the persons that produce, import or bring into Puerto Rico the beverages mentioned in section 3 who are bound to pay the tax levied on the same and not any person who may possess them; that the act does not punish possession, and only provides a tax on producers and importers.

The section of the act which we have cited states that the beverages specified are subject to the tax, whether they are imported or produced here, for which reason the beverage in question is subject to taxation, since it was brought to the Island or produced here. With respect to the persons subject to the tax, section 38 of the act provides that the taxes therein levied shall be paid by the dealer, manufacturer, or consumer, upon introducing products or on transferring or possessing the same, whether by transfer or introduction, or by purchase, donation, or otherwise, within the ten (10) days following the introduction or production of the products, pursuant to such terms and under such requirements as the Treasurer may by regulation prescribe. So that, whether the appellant was a dealer, manufacturer, or consumer in possession of the beverages, he had to pay the tax. The complaint, therefore, contains facts sufficient to charge the alleged violation.

■ The appellant presented a motion to dismiss the prosecution on the ground that the trial was not held within the 120 days following the filing of the complaint, and the denial of the motion by the court is assigned as error. The motion was filed on the day of the trial, and we have already decided on several occasions that this should be done before the trial.

The judgment appealed from must be affirmed.

Mr. Justice Wolf dissented.